Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com

Attorney for Plaintiff, DEBRA HANSEN

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DEBRA HANSEN, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| VISION CREDIT SOLUTIONS, LLC | |
| Defendant. | |

**COMPLAINT**

DEBRA HANSEN (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against VISION CREDIT SOLUTIONS, LLC (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the

loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the State of Arizona, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in the city of Surprise, Maricopa County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3).*

9. Defendant is a corporation with its principal place of business in Amherst, Erie County, New York.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiff from telephone number 877-572-7572.

13. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

14. Defendant falsely identified itself as "legal counsel" and Plaintiff's "legal counsel."

15. Defendant told Plaintiff that Plaintiff was going to be prosecuted in Court for committing fraud against a financial institution.

16. Defendant left three (3) to four (4) voicemail messages on Plaintiff's friend's voicemail stating that Plaintiff had felony charges pending against her and that Defendant was going to take Plaintiff to court.

17. Defendant spoke with Plaintiff's friend and told the Plaintiff's friend to call the fraud department.

18. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's friend and stating that Plaintiff owes a debt.

b. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's friend more than once without permission to do so and without reasonable belief that the earlier response was erroneous or incomplete.

c. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's friend in connection with the collection of Plaintiff's debt.

d. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

e. Defendant violated *§1692(d)(2)* of the FDCPA by using language the natural consequence of which is to abuse the Plaintiff.

f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

g. Defendant violated §*1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

h. Defendant violated §*1692e(3)* of the FDCPA by falsely representing that it was an attorney and that its communication was from Plaintiff's attorney;

i. Defendant violated §*1692e(5)* of the FDCPA by threatening to take action which cannot legally be taken and is not intended to be taken;

j. Defendant violated §*1692e(7)* of the FDCPA by falsely representing that Plaintiff committed a crime in order to disgrace Plaintiff;

k. Defendant violated §*1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely threatening Plaintiff that she was going to be prosecuted in Court for committing fraud against a financial institution.

l. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by leaving three (3) to four (4) voicemail messages on Plaintiff's friend's voicemail stating that Plaintiff had felony charges pending against her and that Defendant was going to take Plaintiff to court.

m. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by speaking with Plaintiff's friend and telling Plaintiff's friend to call the fraud department.

n. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing that it was an attorney and that its communication was from Plaintiff's attorney.

o. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to take action which cannot legally be taken and is not intended to be taken.

p. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing that Plaintiff committed a crime in order to disgrace Plaintiff;

q. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication is from a debt collector.

r. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

s. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

- 5 -

COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, DEBRA HANSEN, respectfully requests judgment be entered against Defendant, VISION CREDIT SOLUTIONS, LLC, for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEBRA HANSEN, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  August 14, 2009                    KROHN & MOSS, LTD.


By: /s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff

### VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, DEBRA HANSEN, states as follows:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DEBRA HANSEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 8/11/09

_____
DEBRA HANSEN

1
2
3 **<u>EXHIBIT A</u>**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COMPLAINT AND DEMAND FOR JURY TRIAL

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/11/09

_____
Signed Name

Debra E. Hansen
Printed Name